WEBB'S CITY, INC., Appellant,

v.

REMINGTON ARMS COMPANY, Inc., Appellee.

No. 26055.

United States Court of Appeals Fifth Circuit.

Dec. 3, 1968.

Hugh E. Reams, Kiernan & Reams, St. Petersburg, Fla., for appellant.

T. Paine Kelly, Jr., argued by Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for appellee.

Thomas C. MacDonald, Jr., Tampa, Fla., for amicus curiae, Olin Mathieson Chemical Corp., Shackleford, Farrior, Stallings & Evans, Tampa, Fla., of counsel.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

This is an appeal from the granting of summary judgment dismissing the treble damage suit of Webb's City, Inc., appellant, against Remington Arms Company, Inc., under the Sherman and Clayton Anti-Trust Acts (15 U.S.C. §§ 1–7; 15 U.S.C. §§ 12–27).

Appellant, a retailer of firearms, complained that appellee, supplier of Remington firearms, refused to supply its products to it because appellant declined to sign a fair trade agreement to sell Remington firearms at a minimum price schedule determined by Remington. Appellee conceded that its firearms dealers were not permitted to purchase its products for resale unless they signed a Remington Firearms Fair Trade Agreement under which they were bound to sell at minimum stipulated prices, but appellee contended that as a matter of law its action was expressly permitted by the laws of the United States (Miller-Tydings Fair Trade Act, 15 U.S.C. § 1, and the McGuire Fair Trade Act, 15 U.S.C. § 45) and the State of Florida (the Florida Fair Trade Law, Florida Statutes, Chapter 541).

On the other hand, appellant contends that Florida has no valid constitutional fair trade law, and therefore that the Miller-Tydings and McGuire Acts' exceptions are inapplicable.

The question involved has been passed on by us in Miami Parts & Spring, Inc. v. Champion Spark Plug Co., 5 Cir., 1966, 364 F.2d 957. In a thorough consideration of the applicable Florida decisions, we expressly held that Florida had upheld the constitutionality of its Fair Trade Law, though the non-signer provisions thereof had been declared unconstitutional in several cases referred to in our opinion.

We remain of the view which we expressed in *Champion Spark Plug Co.*, supra, and reaffirm our holding that the Florida Supreme Court has upheld the constitutionality of the Florida Fair Trade Law.

Appellant's reliance on United States v. General Motors Corp., 384 U.S. 127, 86 S.Ct. 1321, 16 L.Ed.2d 415 (1966), is misplaced, considering the circumstances of the present case. *General Motors* was not a fair trade case and there was no California fair trade law involved there which would permit a departure from Sherman and Clayton Acts' prohibitions, as modified by the Miller-Tydings and McGuire Acts.

Appellant concedes that it would be in violation of the Federal Anti-Trust Acts if there were no Miller-Tydings Act and Florida had not enacted a constitutional fair trade law meeting the Miller-Tydings requirements. But Florida has such a law, and we therefore have no alternative but to affirm the District Court in its summary dismissal of appellant's suit.

We agree with the District Judge that there was no genuine issue as to any material fact and that questions of law only were involved in this case, and for that reason it was appropriate to dispose of this matter on motion for summary judgment. Fed.R.Civ.P., Rule 56.

Affirmed.